**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3956
_____

BIN WEI OU; JIAN ZOU,
                                    Petitioners
                        v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent


_____


On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A099-592-455 and A099-592-456)
Immigration Judge: Honorable Mirlande Tadal

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010
Before:  SCIRICA, SMITH and WEIS, Circuit Judges
(Opinion filed: July 19, 2010)


_____

OPINION
_____


PER CURIAM.

        Bin Wei Ou and Jian Zou ("petitioners") seek review of a final removal

order entered by the Board of Immigration Appeals ("BIA").  For the reasons that follow,

1

we will deny the petition for review.

Petitioners are citizens of China from Fujian Province. After entering the United States in 1998 without inspection, they married here in 2004 and have had two children: a boy, born in 2004, and a girl, in 2006. Petitioners applied for asylum in 2006 based on a fear of future persecution, in the form of forced sterilization, for violating China's family-planning policies. Petitioners conceded their removability before the Immigration Judge ("IJ"). They testified at a hearing and submitted numerous documents in support of their contention that they have a well-founded fear that either or both of them will be forcibly sterilized in China.

The IJ denied relief. While finding that petitioners' testimony was credible and that their subjective fear of returning to China is genuine, the IJ held that petitioners did not prove an objectively reasonable fear of future persecution. In particular, the IJ found that petitioners failed to show that China maintains an official policy of sterilizing citizens who return with "out of plan" children, and they failed to show either that they would be singled out for persecution or that there is a pattern or practice of persecuting individuals similarly situated to them. The IJ also denied withholding of removal and Convention Against Torture ("CAT") relief.

Petitioners appealed to the BIA and challenged the IJ's finding regarding their failure to show an objective fear of future persecution. Petitioners filed a brief with the BIA, and they attached to the brief several "additional documents," which they asked

2

the BIA to "review [as] background material which overwhelmingly establishes the objective prong."[1]  A.R. at 40.

The BIA dismissed petitioners' appeal.  It noted that, in finding that petitioners had failed to establish a well-founded fear of persecution, the IJ relied on Matter of J-W-S-, 24 I & N Dec. 185 (BIA 2007), where the BIA had held that the evidence did not show that the Chinese government has a national policy of requiring forced sterilization of a parent who returns with children born in the United States.  The BIA rejected petitioners' argument that Matter of J-W-S- was wrongly decided.  See A.R. at 4 (citing Shao v. Mukasey, 546 F.3d 138 (2d Cir. 2008)).[2]  The BIA also agreed with the IJ that petitioners' evidence fails to provide an objective basis for concluding that they will be sterilized.  The BIA observed, as it did in Matter of J-W-S-, that if a returning national is penalized at all, he or she will be sanctioned through fines or other economic penalties, which do not rise to the level of persecution or torture.  Finally, the BIA found no basis to remand the matter for consideration of the additional documents submitted on appeal, noting that petitioners had failed to show that any "new" evidence was previously

---

[1]  Petitioners stated in their brief that they were submitting the additional documents as "rebuttal to the most recent State Department Report."  A.R. at 26, 43.  Petitioners, however, never identified this "most recent State Department Report" nor explained how their additional documents served to "rebut" that unidentified report.

[2]  In Shao, the Second Circuit Court of Appeals denied a petition for review filed by the alien in Matter of J-W-S-.  Among other things, the court of appeals held that substantial evidence supported the BIA's determination that the alien, the father of two sons born in the United States, had failed to show a reasonable possibility that he faced forced sterilization upon return to China.  See Shao, 546 F.3d at 162-66.

3

unavailable or would change the outcome in their case.

Petitioners timely filed a petition for review in this Court after the BIA reissued the final order of removal to correct a defect in service. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Where, as here, "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). "We review factual findings, including findings of persecution and fear of persecution, under the substantial evidence standard." Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009). "Under this deferential standard, findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quotation marks omitted).

Petitioners contend that they proved a well-founded fear of future persecution through credible testimony and the documents they presented to the IJ. They argue that the evidence shows that their children will return with them to China, that the children will be considered Chinese citizens, and that their fear of forced sterilization for having violated the one-child policy is well-founded.

"To establish the existence of a well-founded fear of persecution, an applicant must prove an objectively reasonable possibility of statutorily cognizable persecution, and that the applicant's professed fear is genuine." Sandie, 562 F.3d at 250-251 (3d Cir. 2009) (citation omitted). Here, the IJ and the BIA accepted that

4

petitioners have a genuine subjective fear of persecution, and thus the sole question is whether the evidence they presented compels the conclusion that they also proved the requisite objective basis for that fear. Petitioners could meet their burden of showing an objective fear by proving either that they would be individually singled out for persecution, or that there is a pattern or practice in China of persecuting similarly situated individuals. See Wong v. Att'y Gen., 539 F.3d 225, 232 (3d Cir. 2008).

As mentioned, the IJ found that petitioners failed to prove either basis for an objective fear. The BIA agreed, observing that "the documents submitted by [petitioners] do not provide an objective basis for concluding that [they] will be sterilized upon return to China." A.R. at 4.[3] In their brief before this Court, petitioners fail to point to any specific evidence in the voluminous record before the IJ that would *compel* a finding that their fear of forced sterilization is objectively reasonable, either because they would be singled out or because of a pattern or practice. The few documents that petitioners do highlight in their brief before this Court are insufficient. For example, petitioners cite the following sentence from testimony given by T. Kumar in 2004 before

---

[3] Respondent argues that petitioners failed before the BIA to exhaust the claim that they would be singled out for persecution in China, and that the only issue properly before this Court is petitioners' pattern or practice argument. See Respondent's Br. at 14. The BIA clearly held, however, that the evidence fails to support *any* basis for finding an objective fear of persecution – a finding that included adoption of the IJ's decision to reject the singling out argument. See A.R. at 4 (citing IJ's Op. at 15-17). Thus, even assuming petitioners failed to make a singling out argument in their brief, the BIA addressed that issue sua sponte, and, accordingly, we retain jurisdiction to review it. See Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008).

5

the House Committee on International Relations: "[c]ouples who have a child 'out of plan' are subject to sanctions, including heavy fines." A.R. at 2121. This statement, however, is not inconsistent with the BIA's holding in Matter of J-W-S-, upon which the BIA expressly relied here, and petitioners cite no evidence of record that would require a finding that the fines imposed rise to the level of persecution or torture.[4] Petitioners seem to suggest that their testimony alone was enough to establish a fear of future persecution, see Petitioners' Br. at 7-8, but clearly their testimony, even when viewed in connection with the documentary evidence, does not compel the conclusion that they possess an *objectively* reasonable fear. In short, after a careful review of the evidence that petitioners presented to the IJ, we hold that substantial evidence supports the finding that they lack an objective basis for their fear of future persecution.

Petitioners next contend that the BIA erred by failing to remand the matter for the IJ to consider the "additional background" documents that they submitted on appeal. This contention is without merit. As respondent notes, petitioners elected to submit numerous documents on their appeal to the BIA without ever discussing those documents in their appeal brief or explaining why the documents qualified as new or material evidence. Petitioners now suggest that "[t]he BIA erred when it failed to address the motion to remand," Petitioners' Br. at 10, but petitioners, in fact, never filed a

---

[4] In Matter of J-W-S-, the BIA addressed economic sanctions in Fujian Province and found that, at most, an alien would face a "moderate economic impact" not amounting to persecution. 24 I. & N. Dec. at 191.

"motion to remand" with the BIA, and instead they merely asked the BIA itself to review the additional documents as "background material." A.R. at 40. Moreover, the record amply supports the BIA's decision not to remand the matter for consideration of petitioners' additional documents. As the BIA correctly noted, petitioners failed to establish that the evidence was previously unavailable or could alter the outcome.

Because withholding of removal requires a higher showing than the standard for asylum, petitioners' inability to establish eligibility for asylum based on a well-founded fear of future persecution necessarily undermines their eligibility for withholding of removal. See Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004) ("An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal.").[5]

For the foregoing reasons, we will deny the petition for review.

---

[5] Petitioners do not argue the CAT claim before this Court, and thus we deem that claim waived and do not address it.